**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **FATIMA ABDURAHIM AHMED,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. C2:09-CV-96** |
| | : | |
| **MARK HANSEN et al,** | : | **JUDGE MARBLEY** |
| | : | |
| **Defendant.** | : | **MAGISTRATE JUDGE DEAVERS** |
| | : | |

## ORDER

This matter comes before the Court on Defendants' Motion in Limine to preclude Plaintiff from offering expert testimony from Ms. Laura Southern; making any reference to her treatment by or the medical opinions of Ms. Southern; and admitting her expert report at trial. Defendant asserts that the expert testimony should be precluded pursuant to FED. R. CIV. 37(c)(1) because the disclosure and report of Ms. Southern were not made in compliance with FED R. CIV. 26(a)(2)(A).

According to Rule 26(a)(2)(A), a party must disclose the identity of expert witnesses prior to trial. This disclosure must be made at least 90 days before the trial date. FED. R. CIV. 26(a)(2)(c). The opposing party has thirty days following this disclosure to disclose rebuttal expert testimony. *Id.* The enforcement mechanism for Rule 26 is Rule 37, which states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

FED. R. CIV. 37(c)(1).  The potentially sanctioned party bears the burden of showing harmlessness.  *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 271-72 (6th Cir. 2010).  If a party fails to comply with Rule 26, the trial court has the discretion to impose sanctions.  *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 985 (6th Cir. 1988).

This Court finds that Plaintiff has not satisfied her burden of showing that the late failure to disclose was substantially justified.  This case has been pending since February 2009.  It was the responsibility of Plaintiff's counsel to identify any medical issues at a point before discovery closed, so that experts could be identified.  Further, Ms. Southern's report is not inconsequential.  The alleged nexus between Post-Traumatic Stress Disorder and memory loss related to subsequent events may be controversial.  And thus, Defendants' need to consult with or procure their own expert is well-founded.

This Court, however, does not believe that the omissions were Plaintiff's doing.  She did not know what would be required of her in order to prosecute this case.  It was her Counsel's responsibility to inform her of what she needed to do, and it was his responsibility to do so in a timely manner.  It seems that Plaintiff's Counsel did not do so until it was clear that this case was going to trial on October 4, 2010.  By this point, it was too late for Plaintiff to obtain a medical examination and satisfy the discovery deadlines.  Excluding the expert testimony would unfairly punish Plaintiff for her Counsel's error.  Accordingly, Defendants' motion is **DENIED**.

Defendants shall notify the Court on or before **October 8, 2010** as to whether they plan to call an expert witness in rebuttal.  If they choose to call an expert, Defendants shall make the expert available to Plaintiff for deposition.  Plaintiff and Defendants may file additional motions

in limine regarding experts.  These motions shall be filed on or before **October 22, 2010**.

Responses to any additional motions shall be filed on or before **October 27, 2010**.

      **IT IS SO ORDERED.**


                    **s/Algenon L. Marbley**
                **ALGENON L. MARBLEY**
                **UNITED STATES DISTRICT COURT**

**Dated: October 5, 2010**